# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MICHELLE D. WILLIAMS,

    Plaintiff,

v.                                                Case No.: _____

J.C.N.H., INC. d/b/a HOME INSTEAD
SENIOR CARE AND J.C. NICHOLS,
INC. d/b/a HOME INSTEAD SENIOR
CARE,

    Defendants.
_____/

## **INITIAL COMPLAINT**

COMES NOW the plaintiff, Michelle D. Williams, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, J.C.N.H., Inc. d/b/a Home Instead Senior Care and J. C. Nichols, Inc. d/b/a Home Instead Senior Care, and alleges:

### *I. Jurisdiction and Venue*

1.     This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act, codified at 29 U.S.C. § 201, *et seq*. This Court also has supplemental/pendent jurisdiction over plaintiff's state law claim for unpaid wages.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district, defendants have an office and operate in this district, plaintiff was employed, paid, and worked in this district, all causes of action accrued in this district, and defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. Plaintiff, Michelle D. Williams, is a former employee of defendants.

4. At all times relevant hereto, defendants employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief, have had revenues exceeding $500,000 per year.

## *III. Factual Allegations*

5. Plaintiff began working for defendants on or about September 25, 2013 as a personal care assistant. Defendants' main work site is located at 100 Spring Street, Pensacola, Florida 32501.

6. Throughout her employment with defendants, plaintiff held the position of personal care assistant.

7. Plaintiff was qualified for the position which she held with defendants.

8. Plaintiff was classified as an hourly employee. Her initial hourly rate of pay varied by the type of work she performed.

9. During her employment with defendants, plaintiff's schedule varied.

10. Plaintiff routinely worked in excess of 40 hours per week.

11. Although classified as an hourly employee, defendants failed to pay her overtime.

12. Plaintiff's employment with defendants ended on or about December 16, 2013.

### IV.  Count I  -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

13. Plaintiff realleges and incorporates herein paragraphs 1 through 12, above.

14. Defendants are subject to, and not exempt from, the provisions of the FLSA.

15. Plaintiff was not employed in a bona fide executive, administrative, or professional capacity, or in the capacity of an outside salesperson.  Additionally, there were no other exemptions under the FLSA which would be applicable to plaintiff.

16. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.

17. During her employment with defendants, plaintiff routinely worked in excess of 40 hours per week.  Nevertheless, defendants failed to compensate her at the legally required rate for those overtime hours.

18. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

19. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

20. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

21. Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V.  Count II - Unpaid Wages

22. Plaintiff re-alleges and incorporates herein paragraphs 1 through 12, above.

23. Defendants failed to compensate plaintiff for all of the non-overtime hours she worked.

24. Defendants breached their duty to pay plaintiff for the hours she worked.

25. Plaintiff has requested that defendants pay her the proper compensation which she was owed, but defendants have refused to tender such payment.

26. Plaintiff has been required to hire an attorney to assist her with obtaining the wages which are owed to her.

WHEREFORE, plaintiff demands judgment against defendants for unpaid wages, interest (including pre-judgment interest), costs, attorneys' fees, and any other relief to which she may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

                                        Respectfully submitted,

                                        s/Richard D. Barlow
                                        Bradley S. Odom
                                        Florida Bar Number: 932868
                                        Richard D. Barlow
                                        Florida Bar Number: 0425176
                                        ODOM & BARLOW, P.A.
                                        1800 North "E" Street
                                        Pensacola, Florida 32501
                                        (850) 434-3527
                                        Attorneys for Plaintiff